**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Kajon Montel Rashad Cox,<br><br>    Defendant. | No. CR-17-01349-006-PHX-DLR<br><br>**ORDER** |

    The Court considers several motions filed by Defendant.

    First, Defendant's motion in limine (Doc. 271) seeks the suppression of "statements in support of probable cause affidavit/warrant affidavit" on the basis that they are knowingly false. The Government has acknowledged inconsistencies in the investigator's and the confidential source's reports. There is nothing in Defendant's motion or in the Court record, however, that establishes which, if any, of the reports is false. Questioning inconsistencies is the quintessential tool of cross-examination. It is not unusual for different witnesses to describe the same event differently. Questions regarding the veracity of any statements used at trial are best addressed during cross-examination. Defendant's motion in limine will therefore be denied.

    Second, Defendant's motion to suppress (Doc. 272) seeks the suppression of an out-of-court identification by way of a driver's license photograph in support of the probable cause affidavit. In response (Doc. 367), the Government indicates that it has no intention

of offering evidence of identification based on a driver's license. Based on the Government's indication that it will not be using such identification, Defendant's motion to suppress will be granted.

Next, Defendant's motion to suppress evidence (Doc. 385) seeks "to preclude the Government from introducing the methamphetamine that was allegedly obtained on April 19, 2017." Defendant does not allege a violation of the Fourth Amendment of the United States Constitution. He instead challenges whether the Government can lay foundation for the admission of the subject methamphetamine. Defendant's challenge cannot be resolved based on allegations made in a motion. After the Government witness testifies about the foundation for the admission of this evidence and the Government moves for the admission of the methamphetamine as evidence at trial, Defendant can object to its admission, and the Court will then rule. At this time, however, the Court does not have the information it needs, and therefore denies Defendant's motion without prejudice.

Lastly, Defendant's motion for independent weighing and testing (Doc. 383) seeks to have the methamphetamine that is the subject of his charges weighed and tested by an independent laboratory. Defendant is entitled to have the drugs tested and weighed by an independent laboratory. However, Defendant's motion was filed rather late in the case, nearly two years after he was arrested. Granting the motion almost certainly will require a continuance of the scheduled trial date. Defendant's motion therefore will be denied because it does not establish that Defendant has located an authorized laboratory available and willing to do the tests. Defendant may renew his motion if he either files, by no later than November 26, 2019, a motion to continue the trial in order to make arrangements for the testing and weighing of the methamphetamine by an authorized independent laboratory, or an affidavit from the analyst that the testing can be conducted and the lab report produced at least 20 days before trial. If Defendant accomplishes either of the two above-mentioned tasks, he may file a renewed motion for independent weighing and testing by no later than December 31, 2019. The renewed motion must show that Defendant has located a laboratory willing to perform the tests and weigh the material. Further, the renewed motion

must be accompanied by: 1) the laboratory's DEA-223 form, showing that it is authorized to conduct the tests and 2) an affidavit from the analyst conducting the test stating that he is properly registered to handle controlled substances.

Accordingly,

**IT IS ORDERED** as follows:

1. Defendant's motion in limine (Doc. 271) is **DENIED**.
2. Defendant's motion to suppress (Doc. 272) is **GRANTED**.
3. Defendant's motion to suppress evidence (Doc. 385) is **DENIED WITHOUT PREJUDICE**.
4. Defendant's motion for independent weighing and testing (Doc. 383) is **DENIED WITHOUT PREJUDICE**.

Dated this 14th day of November, 2019.

Douglas L. Rayes
United States District Judge